Kravitz v. Leis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty.

PRESENT:
> JOHN M. WALKER, Jr.,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

Jay S. Kravitz,

> *Plaintiff-Appellant*,

> v.                                                                                    19-1077

Kenneth Leis, Greene County Corrections
Lieutenant, John and Jane Does, Unknown
Employees of the Greene County Jail,

> *Defendants-Appellees*,

Greene County, New York, Michael J. Spitz,
Greene County Jail Superintendent, Gregory R.
Sealey, Greene County Sheriff,

> *Defendants.*

_____

For Plaintiff-Appellant:                                Jay S. Kravitz, pro se, Earlton, NY.

For Defendant-Appellee Kenneth Leis:        Thomas K. Murphy, Murphy Burns LLP,
                                                                   Loudonville, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jay Kravitz, proceeding pro se, appeals from the March 25, 2019 grant of summary judgment for Appellees Lieutenant Kenneth Leis and unnamed employees of the Greene County Jail in Kravitz's action under 42 U.S.C. § 1983 alleging that prison officials violated his right to freely exercise his religion by denying him access to his prayer items, including a tallit and tefillin. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

As an initial matter, we conclude that Kravitz abandoned any claims related to the unnamed employees by failing to raise the issue in his brief on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). The sole issue on appeal is whether the district court properly granted summary judgment to Leis.

"[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks omitted). "The liability of a supervisor under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

Kravitz alleged that Leis violated his First Amendment rights by "overriding" the grievance coordinator's recommendation and denying his April 2015 grievance at the behest of the jail superintendent. But the documentary record demonstrates that the evidence showed that the

superintendent *agreed* with the coordinator and granted Kravitz's request to have his tefillin and tallit in his cell for prayer on May 20. Kravitz points to no evidence that Leis, or indeed anyone else, reversed the grievance coordinator's ruling or denied his grievance.

Kravitz argues that he offered evidence that Leis was personally involved because Leis responded to his facility complaint. But this specific allegation was not contained in his amended complaint. The only allegation he made against Leis was that Leis was aware he needed access to his tefillin and tallit and that Leis "overrode" the grievance coordinator's decision to allow Kravitz his prayer items on behalf of the superintendent. Kravitz first claimed in his objections to the magistrate judge's report and recommendation that Leis violated his constitutional rights by failing to remedy the issue of his access to his tefillin and tallit when Leis received the facility complaint. The issue then is whether the district court erred by failing to consider this additional claim.

There was no error. Generally, parties may not amend their complaints through their submissions on summary judgment. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (concluding that district court did not err by declining to consider claim raised for the first time in opposition to summary judgment). Instead, the litigant should move to amend his complaint or raise the matter in a motion for reconsideration if the district court has already ruled on the summary judgment motion. *Id.* Kravitz did neither. The district court therefore did not err by not considering Kravitz's new claim that Leis failed to respond to Kravitz's facility complaints.

We have reviewed the remainder of Kravitz's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3